**Opinion issued January 22, 2026**



In the

# Court of Appeals

for the

# First District of Texas

_____

## NO. 01-24-00183-CV

_____

**DENNIS FISHER AND SHERYL FISHER, Appellants**

**v.**

**PINE VILLAGE NORTH ASOCIATION, Appellee**

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-56465**

---

## CONCURRING MEMORANDUM OPINION

During pretrial discussions, the trial court informed Dennis and Sheryl Fisher (in front of Pine Village North Association's counsel) that, if they were challenging Pine Village's capacity, they could present evidence on that issue during trial. The Fishers did not object that it was Pine Village's burden to prove its capacity to sue.

In its findings of fact, the trial court found that the Fishers failed to present sufficient evidence to prove Pine Village's lack of capacity to sue.

On appeal, the Fishers do not present any argument or authority that the trial court improperly placed the burden on them of proving Pine Village's lack of capacity or explain why Dennis Fisher's testimony conclusively established Pine Village's lack of capacity. They cite law for the proposition that standing is a component of subject-matter jurisdiction that the plaintiff has a burden to establish at each stage of litigation, cannot be waived, and the lack of which renders a judgment void—law inapplicable to the propriety of the trial court allowing the Fishers (without objection) to present evidence on Pine Village's lack of capacity (a non-jurisdictional issue) and ruling they did not present sufficient evidence.

Thus, instead of delving into whether the Fishers waived the capacity issue by not filing a verified denial, I would hold they failed to establish that the trial court committed reversible error in finding that they failed to present evidence to prove Pine Village's lack of capacity. I respectfully concur in the majority's judgment.

Andrew Johnson
Justice

Panel consists of Justices Guerra, Guiney, and Johnson.

Justice Johnson, concurring.

2